BARTHOLOMEW W. TAGGARD & another, executors, *vs.* MARY E. PIPER & others.

Suffolk.    Nov. 24, 1874. — Sept. 13, 1875.    AMES & DEVENS, JJ., absent.

A legacy which is given generally, accompanied by a bequest over in case the legatee dies leaving no issue nor father and no brother or sister living, is to be paid to the legatee without security, if there is no suggestion that he will waste, secrete or remove the property.

BILL IN EQUITY by the executors of the will of Solomon Piper, against Mary E. Piper, his widow, William T. Piper, his son, Susan E. Taggard and Sarah H. Stratton, his daughters, and their respective children, to obtain the instructions of the court.

The will of the testator contained the following clauses :

" Twelfth. In case my son William T. Piper should decease leaving no issue nor father and no brother nor sister living at his death, the property and estate bequeathed and devised to him in and by this my last will, and otherwise received by him from me, if any, shall descend in equal shares to his mother and to the

children of any deceased brother or sister by right of representation.

"Thirteenth. All the rest, residue and remainder of my estate I give, devise and bequeath to and among all my children equally, share and share alike, the issue of any child who shall decease during my lifetime to take the share of the deceased parent by right of representation."

The testator left a widow, two daughters, who were married and had children, and the son, William T. Piper.

The executors requested instructions as to the nature of the estate taken by William T. Piper under the thirteenth clause of the will, and whether it was to be paid to him or to a trustee.

The answers admitted the allegations of the bill, and the case was reserved by *Endicott*, J., on the bill and answers, for the consideration of the full court.

*L. Mason*, for Mary E. Piper.

*H. W. Paine*, for William T. Piper.

*C. T. Russell*, for the minor children of Susan E. Taggard.

ENDICOTT, J. By the thirteenth clause of the will, William T. Piper is entitled to receive one third of the residue of the testator's estate. By the twelfth clause, it is provided that if he shall decease leaving no issue, nor father, and no brother or sister living, the property bequeathed to him by the will shall descend in equal shares to his mother, and the children of any deceased brother or sister, by right of representation.

This bill is brought by the executors for instructions; and the question raised is, whether the executors shall pay over to William T. Piper one third of the personal property bequeathed to him under the thirteenth clause, or hold the same in trust during his natural life, or pay it over to trustees for him, and thus provide for the contingency mentioned in the twelfth clause. It is not alleged in the bill or answers, and no evidence was offered that there is danger that William T. Piper will waste, secrete or remove the property, if intrusted to his hands.

We are of opinion that no trust was created by these provisions. The case is governed by *Fiske* v. *Cobb*, 6 Gray, 144, where it was held that if a legacy is given generally, but subject to a limitation over, on the subsequent condition of the legatee dying without issue, it is to be paid to him without security

unless it is made to appear that there is danger of his wasting, secreting or removing the property. No such question is raised here. It.is therefore unnecessary to consider many of the points argued at the bar upon the effect to be given to the provisions of the twelfth clause.

As the case stands, the executors should pay over to William T. Piper, without security, his share of the residue of the personal estate of the testator.           *Decree accordingly.*