Johnson, Chief Judge.
Prior to 1860, Preston Thayer died, leaving a will, the residuary clause of which was in these words : “ I bequeath to my daughters, Mary Ann and Eliza, and their heirs, all the residue of my estate, real, personal, and mixed, in equal shades ; and, in case the saidFliza shall decease, without lawful heirs of her body, her share to pass to the said Mary Ann Hunter and her heirs.”
The estate was settled up by the executor, and the residue, which was in money, was equally divided between said daughters, then both living, “ in pursuance of said will,” as the petition alleges. The final payment to Eliza was made November 7, 1865, making in all $3,684.01, which she received. Subsequently, Mary Ann died, leaving George P. and L. F. Hunter her heirs to whatever would accrue to her under said will. After this, and in the year 1870, Eliza died without issue of her body, but leaving a will, by which she bequeathed her estate to her brother, Austin Thayer.
The controversy now is : Did Eliza take an absolute estate in the residue in money bequeathed to her, or was the limitation over valid, so as to vest the estate which she had received in the heirs of Mary Ann, on the death of Eliza, without heirs of her body ?
The real parties to the controversy are the heirs of Mary Ann, the claimants under the will of Preston Thayer, and *339 Austin Thayer, legatee under the will of(Eliza, who claims that, by the will of Preston Thayer, Eliza took an absolute property in said moneys.
The actual parties to the record are the plaintiff's, as administrator de bonis non, with the will annexed, of Preston Thayer, and as defendants, the personal representative of Eliza and her sole legatee, Austin Thayer.
The object sought is to recover back the amount so distributed, in order to redistribute the same to the heirs of Mary Ann Hunter.
Two questions are made:
1. Did Eliza take an absolute estate in this residue in money, or was the limitation over to the- heirs of Mary Ann valid, and did it operate to vest the estate of Eliza, which she received under her father’s will, in them, on her death without issue of her body?
2. If the latter is the proper construction of the will, is the personal representative of Preston Thayer the proper plaintiff to assert the claims of the heirs of Mary Ann ?
The record does not disclose a full copy of the will, but only the clause quoted, hence the danger of undertaking to give it a construction.
For the purposes of this case, we assume that Eliza did not take an absolute estate in said moneys, and could not,,, therefore, devise them to her brother. On this assumption, it follows that the amount she received from her father’s estate belonged to the heirs of Mary Ann at her death. This brings us to the second inquiry — that is: Who is the proper plaintiff to recover back the money for the benefit of George P. and L. F. Hunter ?
The general rule is that the real party in interest must sue. Code, § 25.
In cases of trust, the exception to that rule is, an executor or administratqr, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, may bring an action, without joining his cestui que trust. Code, § 27.
It is not averred in this petition, nor does it appear by *340 the part of the will submitted to us, that any express trust was imposed upon the executor to take care of this residue, bequeathed to Eliza, or to preserve the estate until the several events should happen which would determine whether an estate vested in the heirs of Mary Ann. On the contrary, it is expressly averred that the executor settled up this estate, paid the debts and costs of administration, and made- final distribution, “ in pursuance of the will” By this we understand that whatever duties were imposed on the executor, either by the will or under-the statute, had been fully performed, and the trust completely executed. If this be so, no trust or duty remained to be executed by the present plaintiffs, and the general rule of code pleading must apply.
It is insisted, however, that this will created in Mary Ann Hunter and her heirs what is termed “ a contingent estate in expectancy,” and that Eliza “ took only a life estate and life use,” and that it was the duty of the executor to guard and preserve the estate so devised, and that he was responsible for its safe-keeping until the divesting contingency should be determined.
The rule undoubtedly is as stated in cases of a bequest of personalty for life, with remainder in the principal sum to another at death or any other certain event, because' the remainder-man has a present interest in the thing devised.
So, also, it may be when the will expressly provides that the executor shall hold the bequest in trust until the event is determined.
In the case before us, however, the will imposes no such duty on the executor, nor is there any present certain interest in the money bequeathed. Neither does it give to Mary Ann Hunter or her heirs any vested or contingent remainder in said residue in money. The words of the will are : “I bequeath to my daughters, Mary Ann and Eliza, and their heirs, . . . and in case the said Eliza shall decease without lawful heirs of her body, her share shall pass to the said Mary Ann Hunter anddier heirs.” This *341 is a bequest generally to Eliza and her heirs, a bequest in. fee, with a limitation over, .on the happening of a subsequent uncertain event, if any limitation exists in the case. Assuming that this limitation over is valid, the most that can possibly be claimed is that Mary Ann Hunter and her heirs take an executory estate, by what is known as an ex-ecutory devise, and not an estate in remainder. Bouv. L. Dict.; 4 Blackstone’s Com.; 4 Kent Com. 257, 285; Homer v. Sheldon, 2 Metc. 199; Niles v. Gray, 12 Ohio St. 320; Taylor v. Foster, 17 Ohio St. 166.
In such case, what is the duty of the executor in regard to personalty so devised, in the absence of an express trust or duty created by the will ?
In Fawkes v. Gray, 18 Vesey, 131, it was held that a legacy to be void in case the legatee should succeed.to another estate on the death of another without issue of her body, was payable to the legatee, without security, and without waiting to see if the future event would happen which should divest it.
To the same effect are Isaac v. Gomberts, 1 Vesey, Jr. 44, and Griffith v Smith, 1 Vesey, Jr. 98.
The English chancery practice is followed in numerous cases in Massachusetts. Thus, in Fish’s Adm’r v. Cobb, 6 Gray, 144, which was a bequest to one and her heirs, with a bequest over if she died without issue, it was said the doctrine was well settled, that it was to be paid to the first taker, and that security would be required only where there is danger of loss of the estate.
In Griffith v. Smith, Lord Thurlow said : “ Suppose there is a contingency of an ulterior claim, still the plaintiff must have his money, for I can not keep it in court all that time to awrait the event. I must now give these legacies to plaintiff, non constat, now that the contingency upon which any legatee over would possibly have a claim will ever arise; if it should, then the question may be made.”
In a similar case, McCarthy v. Cosgrove, 101 Mass, 124, the same order was made, and also in Taggard v. Piper, 118 Mass. 315.
*342 In Ex’rs of Roe v. White, 1 C. E. Green, 411, the court points out the difference between bequests of personalty for life with remainder over, and a bequest generally with a limitation over on the happening of a subsequent event. In the former class of cases, the interest only is enjoyed by the tenant for life, and the principal must be preserved for the remainder-man, while, in the latter, an estate generally is vested in the first taker, with a divesting contingency over, but this will not defeat the right of the first taker to possession.
The reason for this distinction is aptly explained in Slanning v. Style, 8 P. W. 334, where it is said: “ Where the testator sees fit to repose a trust, in such case, until some breach of.that trust be shown, or at least a tendency thereto, the court will continue to intrust the same hand without calling for any other than what the testator required.”
In this case, if we treat the limitation over as valid, the testator reposed a trust in Eliza, by giving her this estate absolutely, subject only to be divested by a subsequent contingent event, and imposed no duty on his executor in relation thereto beyond its payment to her. Whatever the ultimate rights of Mary Ann Hunter and her heirs were at the time of final distribution, when Eliza received this money, her then present right to receive it was clear. Consequently, in the absence of any danger to the fund, it was the duty of the executor to pay it to hey, although her estate in it was subject to be divested by the subsequent contingent event. It follows that the executor performed his duty, as the petition in substance alleges, in paying the bequest to her. If so, no action lies in his name to recover back the money by reason of any trust then in him to preserve this contingent estate, for no such trust existed. If not, does the death of Eliza, without issue, years afterward, and after the estate is fully settled and finally distributed, impose a >new duty on the executor, or on the administrator de bonis non, to recover back the money and again distribute it ? We think not. We have *343 cited the foregoing authorities simply to show that the distribution by the executor was in discharge of a duty imposed by the will. He was not bound to wait an event that might never happen.
"Whether a court might not, in a proper case, require security in case such limitation over was valid, and there was danger that the bequest would be lost, we need not inquire at this time. It is enough to say that in the absence of any risk to the principal estate, or of any order of court or provision of the will, the executor fulfilled his trust by such distribution. If the divesting contingency has happened, or if while it is yet undetermined, there is danger that the possible future estate may be lost to the heirs of Mary Ann Hunter, they, and not the personal representatives of the testator, are the proper parties plaintiff in an action to protect their rights. If the will provided otherwise* and the distribution made was improperly made, or if this was a bequest to Eliza for life only, with a vested or contingent remainder in the principal sum in Mary Ann and her heirs, the rule might be otherwise.
Tyson’s Ex. v. Blake, 22 N. Y. 558, is relied on and is doubtless an authority in support of the validity of the limitation over, though at variance with many other cases of equal authority. That it is not in point on the question we are considering will be seen, when it is stated that in that case the executor exacted of the guardian of the first taker a bond to him to repay; and the action was upon that bond against the guardian and thesureties on the bond.
One of the reasons given by 0. J. Comstock for the decision, is that the bond was voluntarily given, “ and the action was well brought to enforce it.” Such an action came within the express terms of both the New York and Ohio codes. It was an action in the name of one, “ in whose name a contract was made for the benefit of another.” Code, § 27. In such case, such person may properly be a plaintiff.
Tyson v. Blake does, however, recognize the doctrine *344 that there is a duty in the executor to guard the future contingent estate, by requiring such bond to be given, and in this it is clearly at variance with the chancery practice in England and in most of the states.
The most that can possibly be claimed from this will is that the residue bequeathed to Eliza vested in her the money, and that the limitation over diverted this title to this bequest, in favor of the heirs of Mary Ann, on the death of Eliza without issue. Conceding this to be so, then these heirs, being the real parties in interest, are the proper plaintiffs.
In Pinbury v. Elkin, 2 Vernon, 758 (in the year 1718), which was much like the present, the action was in the name of the legatee over, and not of the executor.
So where there was a bequest of a residuum of personal estate to the wife for life, and at her decease to their children, and if no children be living at her death, then to his two brothers and to the survivor of them; the bill was filed by the personal representative of the last surviving brothei’, against the widow and others claiming an interest, to preserve and secure the bequest over. The executor was not even a party to the suit, and no question was made but that the proper plaintiff! was before the court. Barnes v. Allen, 1 Brown C. C. 181.
Whether in this case the limitation over to Mary Ann Hunter and her heirs is valid, or void, as inconsistent with the devise to Eliza and her heirs, is a question we find it unnecessary to consider, as we are clearly of opinion that if valid, the proper parties to assert the right are the heirs themselves, and not the personal representatives of the testator after distribution of the bequest in pursuance of the will. Judgment affirmed.