Bockes, J.
The testator left no lineal descendant him surviving; but left the plaintiff, his widow, and the defendant, Margaret Cavanaugh, a sister of half blood, his only heir at law. By his will he gave all his property, real and personal, to his executors therein named, ‘ ‘ in trust for the uses and purposes, and to pay the legacies and devises below mentioned, with full power to convey any and all his real estate, and convert the same into money, and dispose of the same in the following manner.” He then made various bequests of money to different individuals to a considerable amount ($3,950), and directed the erection of a mortuary monument to himself, also the cancellation of a mortgage of $2,500 held by him against his cousin. He then made provision for his wife, as he termed it *415 in the will, “ a residuary clause to my said wife,” as follows, to wit: “ Fifteenth. One-third of all the rest and remainder of my estate to my beloved wife, Jane, in lieu of dower, to be hers absolutely, and the use of all the remainder during her life, and the portion left of such remainder to be distributed to the poor of St. Peter’s church.” The widow accepted the provision of the will, which acceptance, of course, barred all claim by her for dower. The property was all converted into money, or its equivalent, by the executors, as was directed to be done in the will, and from the same they paid the debts of the testator, satisfied all the legacies, and there remained and still remains in their hands, in money or investments, the sum of §16,450, to answer that clause of the will whereby the testator gave to his wife the use of all the remainder, being two-thirds of the net proceeds of his estate after satisfying all debts and bequests, ‘ during Tier life, and the portion left of said remainder to be distributed to the poor of St. Peter's Chur eh." It is conceded that the direction for distribution to the poor of St. Peter’s church is void, as a bequest, for uncertainty. All the parties to the action assume this to be the case. I shall not, therefore, discuss the subject (but see Williams v. Williams, 8 N. Y. 525; Owens v. U. S. of the M. E. C., 14 Id. 380; Downing v. Marshall, 23 Id. 366-382).
The questions then presented by this action are as follows, to wit: (1) Whether the widow under the provisions of the will takes an absolute title to the fund in controversy ; (2) if not, whether she takes any other or greater right than a mere use of it during life. It is insisted in her behalf that the first question should be answered in her favor; and if not so determined, then that it should be held that she takes the use with the right of disposition of any or all of the fund at any time during her life, which would *416 carry to her its present possession and control. On the other hand, it is insisted that she takes but the use —the income or nét avails of the fund—during life ; and that as to the body of the fund the testator died intestate, inasmuch as the gift over to the poor of St. Peter’s church, as it is assumed, is void in law. In this view of the case it is further insisted by the defendants that the fund, undiminished, goes to the heir at law on the decease of the widow.
Of course it is unquestioned that a remainder may be limited upon a bequest of money as well as upon a bequest of other personal property (Smith v. Ostrander, 64 N. Y. 278; Norris v. Beyer, 13 N. Y. 273).
It is undoubtedly the settled law that if, in this case, the widow has the power of absolute disposition of the fund, according to the true construction of the will, then that she' takes the fund absolutely as her own, however the testator may have advised or directed as to its ultimate disposition. As regards real property, a power of absolute disposition added to a gift of a particular estate magnifies the estate into a fee. And so it is held, also, that as to personalty, a power, of absolute disposition in the first taker renders a subsequent limitation repugnant and void. There must be, of course, a clear intention on the part of the donor to give the first taker the absolute property, by vesting him with the absolute power of disposition. Nor is this proposition here at all controverted.
Let us then turn our attention to the language of the will, here under examination.
On referring to item first of the will it will be seen that there was given to the executors express power to convert the estate into money ; and then they were to make distribution of the money among the persons and parties named as legatees. The provision is equivalent to an express direction to convert the estate into money. The gifts were all bequests of money. The will is *417 therefore to be construed as a-will of personal estate, the same as if it had made distribution of money in hand. A conversion of the estate was expressly directed. Such direction, of itself, operated as a. conversion, “ out and out ” (Griorn v. Hilton, 5 W. D. 544; King v. Woodhull, 3 Edw. Ch. 82; Arnold v. Gilbert, 5 Barb. 190; Johnson v. Burnett, 39 Id. 237-251; Kane v. Gott, 24 Wend. 641; Bramhall v. Ferris, 14 N. Y. 41; Dodge v. Pond, 23 Id. 69; Laird’s Appeal, 85 Penn. St. 389).
The bequest to the widow was as follows, to wit: “ Fifteenth. One-third of all the rest and remainder of my estate to my beloved wife, Jane, in .lieu of dower, to be hers absolutely; and the use of all the remainder during life ; and the portion left of said remainder to be distributed to the poor of St. Peter’s church.”
The gift of one-third of the general remainder was made as a compensation for dower ; and it is conceded on all hands that the attempted gift to the poor of St. Peter’s church is void, as a bequest, for uncertainty. Then, do the words following the gift for life, to wit. : “ and the portion left of said remainder,” &c., confer on the donor for life an absolute power of disposition of this “remainder” % If so, then such donor will take the fund as her own absolute property. This is the settled rule of law. In such case, if a limitation over be attempted it will be void for repugnancy (see cases hereafter cited and. many others). How, the words “the portion left of said remainder ” have here great significance. They necessarily imply a right in the donor of the use, to make disposition of the fund and that, too, in part and in whole, at her pleasure as to object, purpose and mode, save by will. It is so held in many cases ; and in some of them, as I understand it, it is held that these or similar words superadded to any gift of property must be construed to vest the first taker with an unqualified, unlimited' pow:er of *418 disposition in every respect; in other words, will vest the first taker with absolute power of disposition (Ide v. Ide, 5 Mass. 500; Ramsdell v. Ramsdell, 21 Me. 288; Jones v. Bacon, 68 Id. 34; McKenzie’s Appeal, 41 Conn. 607; Jackson v. Brewster, 10 Johns. 20; Merrill v. Emery, 10 Pick. 507; Lyon v. Marsh, 116 Mass. 232; Brown v. Dean, 110 Id. 438; Merrill v. Emery, 10 Pick. 507; Dodge v. Moore, 100 Mass. 335). In some other cases, however, where these or similar words follow or are superadded to a gift of a life estate, it is held that there will be conferred upon the donee a power of disposition, to be exercised only during the life of the donee; not by a last will and testament (Gifford v. Choate, 100 Mass. 343; Reinders v. Koppelman, 68 Mo. 428; S. C., 30 Am. R. 802; Harris v. Knapp, 21 Pick. 412; Colt v. Head, 4 W. D. 197; Terry v. Wiggins, 47 N. Y. 512; Smith v. Bell, 6 Pet. 68; Burleigh v. Clough, 52 N. H. 267; Brant v. V. C. & I. Co., 93 U. S. [3 Otto) 326). In Reinders v. Koppelman, above cited, the testator gave to his wife the property during her life, and made a limitation over of “ the property left” on her decease. It was held that the power of disposition was to be implied, but .could be exercised by her only during life ; and as a ■consequence that she did not take the absolute property. This is substantially what is held in this State in Colt v. Head, and in Terry v. Wiggins. Turning .then to this last case cited as conclusive here, we find .Judge Aluetí saying, that “apower of sale attached ;fo an express life estate will not have the effect to enlarge it to a fee and in support of this proposition he cites 2 Redf, on Wills, 336, and Dean v. Nunnally (36 Miss. 358), This was also declared in French v. Hatch (28 N. H. 350), cited with approval in Burleigh v. Clough.(52 N. H. 277). It is also laid down in Terry v. Wiggins (supra) that to confer an absolute power of .disposition there must be an authority to make disposi *419 tion by will as well as by sale during life. So, too, some of the other cases cited state to the effect that to be absolute, the power to make disposition must be such as may be exercised as well by will as by deed.
Here the testator did not intend that the widow should make disposition by will, as he gave directions himself as to the distribution of “ the portion left” on her decease. According to the decision in Terry v. Wiggins, “ the portion left” would be such part as the donee had not sold and converted prior to her death, that is : “the portion left” undisposed of by her on her decease. It was plainly intended (and the intention is given expression in the will) that the legatee, the widow, should have the power to dispose of the fund at will during her life. It was intended that she might diminish it even to a possible exhaustion of it. It was not intended by the testator that it should remain intact in the hands of the executors. Nor was there any limitation whatever upon the power of disposition by the legatee for life, save that it was one which must be exercised in a mode other than by a last will and testament. This disposition of the property she might not make. The power was one to be exercised during life and not at death. The right to dispose of the fund was not therefore absolute ; but it Avas limited to such dispositions of it by her as should take effect prior to her decease. True, as was said by Judge Allen in the case cited, it was in the power of the donee for life to defeat the limitation over by disposing of the entire property during life. The plaintiff, then, did not take an absolute right of property by the terms of the will. The testator intended first, to give to his wife one-third of the general remainder to be her own absolute property ; second, to give to her the residue for life, Avith the full poAver of disposal of any or all of it during life; and third, to give so much of the residue as should remain undisposed of by her, at her *420 death, to the poor of St. Peter’s church. This I hold to be the true interpretation of the language employed by the testator in the will. Thus, as to the residue, she was vested with the beneficial use with the power to dispose of the fund during life. Under this construction the language of Judge Allen (p. 518, 519) determines the plaintiff’s rights. ‘ By the will, the wife took an estate for life for the residue with remainder over at her death to the religious society, with power in the wife during the continuance of the life estate to defeat the remainder by an act authorized by the testator, to wit: a valid disposal of the subject-matter of the devise.
A similar decision was pronounced in Burleigh v. Clough (52 N. H. 267). There the testator gave to his wife all his estate, real, personal and mixed, for life, with power to dispose of it; and then gave what should be “remaining at her decease undisposed' of by her” to D., his heirs and assigns. It was held that the wife took by the will an estate for life, with a power to defeat the remainder over to D. It was also held that D. took a vested remainder, and not an executory devise. In this case of Burleigh v. Clough, many of the cases above cited in this opinion, and many others bearing on the question under discussion, are carefully collated. It is an instructive case on the law applicable to remainders, based on language similar to that employed by the testator here. Having determined the import and meaning of the will to be as here declared, the law applicable to the case is plainly laid down in Terry v. Wiggins, and in Burleigh v. Clough.
Now, some portion of the fund here in controversy may possibly remain undisposed of by the legatee for life on her decease. If any should be so “left” it would have gone to the poor of St. Peter’s church, had this direction not been void. Assuming this to *421 be void, whatever of the fund shall be so left, if any there shall be, will pass to the heir at law. The remainder over was contingent upon the omission of the donee to dispose of the fund during her life, and only extended to “ the portion left” undisposed of by her at her decease.
But the plaintiff, the legatee for life, has it in lief power to defeat the limitation over by making actual and complete disposition of the fund during her life. This,power of disposition was conferred upon her by the will, and she has the same right to its exercise as she has to any other right conferred upon her by that instrument. It seems, at first blush, that small. difference will exist between such right of disposition and the right of absolute property. There exists, however, a substantial difference ; as in the one case there would be no remainder over, and in the other there would be a remainder depending upon, a possible contingency, to wit: the omission of the legatee for life to make effectual disposition of the subject-matter of the gift.
It should be here remarked that it is entirely certain that the testator intended to confer a power of disposition over the fund itself, and not over the mere use for life; hence, he intended to give a greater power over over it than what would be possessed by a mere life tenant. This construction (the same considered by Judge Allen in Terry v. Wiggins), makes the decision in Smith v. Bell, and in Brant v. V. C. & I. Co., above cited, to some extent here inapplicable. The rules of construction, however, laid down in Smith v. Bell, have pertinency and great force, with a view of determining the intention of the testator, giving due force to the words used by him in the will
Here is given unqualified, unlimited, absolute power of disposition of the fund, save that the power must be exercised during life and not at death. And *422 to enable the legatee for life (the plaintiff) to exercise her right of disposition, she is entitled to the custody and control of the fund itself. The right to dispose of the property necessitates and carries with it a right to its possession. The effect of the bequest, in this case, confides the fund to the legatee for life, to the end that she may exercise her power of disposition over it. She will be deemed to hold, as trustee for the poor of St. Peter’s church of the heir at law, whatever shall remain or continue undisposed of in her hands (Smith v. Van Ostrand, 64 N. Y. 278). But the trust may, perhaps, be a barren one ultimately as regards the cestui que trust, inasmuch as the plaintiff has it in her power at any time to foreclose all claim of such party by a consummated effectual disposition of the entire fund. Still, she will remain as trustee of the fund so long as it shall continue in her hands undisposed of. But she is entitled to the possession of the fund, and that without giving security (Homer v. Shelton, 3 Metc. 194, 205, 206; Fisk v. Cobb, 6 Gray, 144; Taggard v. Piper, 118 Mass. 315; McCarty v. Cozron, 101 Id. 124). Security can be required only when there is danger that the first taker may waste, secrete or remove the property. This cannot, in the nature of things, be asserted against the plaintiff in this case.
The former suit referred to in the pleadings does not bar the plaintiff’s claim in this action. She was not a party to that suit. As was said by Judge Earl in People ex rel. Gilchrist v. Murray (73 N. Y. 538), it is a general rule that judgments are conclusive only against the parties thereto and their privies. The executors did not represent the present plaintiff in that suit on the claim here made. Her claim here is in her own right, based on her own title. Therefore, the former suit cannot be used here as an estoppel against *423 her claim (McDonald v. Walgrave, 1 Sandf. Ch. 279; Vrooman v. Stimson, 7 Weekly Dig. 468).
In conclusion, I am of the opinion that the plaintiff is entitled to judgment in accordance with the above conclusion. The costs of the action to all the parties should, as I. think, be paid from the fund. There is no occasion to charge the executors personally with the costs. They stand wholly indifferent in the matter. It is of no importance to them what disposition shall be made of the fund. According to their answer they hold the fund in money or in investments for the party to whom the court shall see fit to award it. Nor has the heir at law interposed a factious or unreasonable defense. She has merely presented her case on the law.
The plaintiff’s attorneys will prepare and serve on the defendant’s attorney findings according with the above conclusions ; and if the attorneys are unable to agree upon them, they may be laid before me for settlement.