ISAAC GREYSTON, AS ADMINISTRATOR, ETC., OF FRANCIS CONNORS, DECEASED, AND OTHERS, RESPONDENTS, v. JAMES J. CLARK, AS EXECUTOR, ETC., OF MARY CONNORS, DECEASED, CATHARINE McELRONE AND OTHERS, APPELLANTS.

*Limitation of an estate upon a precedent estate, the owner of which has power to dispose of it — invalid at common law — valid since the adoption of the Revised Statutes — 3 R. S. (7th ed.), 217, secs. 32 and 33 — construction of a power of disposing of an estate given to a widow — when a valid expectant estate may be limited thereon.*

This action was brought by the administrator with the will annexed of one Francis Connors against the executors of one Mary Connors, the widow of

Francis, and other persons interested in Mary's estate, to obtain a judicial construction of the will of Francis and determine whether Mary took thereunder an absolute title to all his property with full power of disposition, or whether she took a life estate only, with remainder over to persons named in the will of Francis.

The jurisdiction of the court being denied upon the ground that there was no personal estate unadministered, and no trust relating to any real estate, it was admitted by one of the appealing defendants that she had received personal property from the widow of the testator which once belonged to him, and which was not disposed of by the widow for her support and maintenance.

The Special Term held that the widow could not dispose of the property coming to her from her husband for any purpose other than for her support and maintenance.

*Held*, that the court had jurisdiction over the action.

The common-law rule, held by the Court of Appeals to be applicable in this State to wills taking effect prior to the adoption of the Revised Statutes, that a provision in the will disposing of real property to A in such terms as to convey a fee, and with power to dispose of it in his lifetime, was inconsistent with a further provision that in case A did not dispose of it during his lifetime, then, and in that case, the estate should go to B, and that the limitation over was for that reason void, was altered by the adoption of the Revised Statutes.

The possibility of enjoying the estate, on the failure of the precedent owner to dispose of it, is "an expectant estate" within the meaning of that term, as used in section 33 of 1 Revised Statutes, 725 (3 R. S. [7th ed ]. 2178), which provides that the preceding section, which prevents the defeating or barring of an expectant estate by any act of the owner of the precedent estate, or any destruction of that estate, "shall not be construed to prevent an expectant estate from being defeated in any manner, or by any act or means, which the party creating such estate shall, in the creation thereof, have provided for or authorized; *nor shall an expectant estate thus liable to be defeated be, on that ground, adjudged void in its creation.*"

*Van Horne* v. *Campbell* (100 N. Y., 287) distinguished.

The will of the plaintiff's testator contained the following provisions:

" *First*. After all my lawful debts are paid and discharged, I give, devise and bequeath all my real and personal property of every name, nature and description, and wherever situated, to my wife, Mary Connors, absolutely, to have and to hold the same for her own use and benefit forever, and with full power and authority to sell or mortgage as she thinks proper.

" *Second*. It is my will that, on the death of my said wife, whatever property that she may die seized of that belonged to me, and remains in her by virtue of this will, shall be divided " between the testator's brother, Patrick, his three sisters and a nephew, share and share alike.

*Held*, that the estate given to the wife was of such a nature that she could dispose of it all during her lifetime for any purpose she should judge to be for her use or benefit, and that she was not restricted to a disposition for her support and maintenance only.

That she could not dispose of any portion of the husband's estate by her will, and that so much thereof as remained in her hands undisposed of at the time of her death belonged to the persons named in the husband's will.

*Campbell* v. *Beaumont* (91 N. Y., 464) distinguished; *Terry* v. *Wiggins* (47 id., 512) followed.

APPEAL from a judgment, rendered at the Albany Circuit in favor of plaintiff, construing Francis Connors' will.

Francis Connors died August 17, 1883, and was the owner of certain real estate in the city of Albany. He made a will August 9, 1883, which was duly probated, which provided:

"*First.* After all my lawful debts are paid and discharged, I give, devise and bequeath all my real and personal property of every name, nature and description, and wherever situated, to my wife, Mary Connors, absolutely, to have and to hold the same for her own use and benefit forever, and with full power and authority to sell or mortgage as she thinks proper."

"*Second.* It is my will that on the death of my said wife whatever property that she may die seized of that belonged to me, and remains in her, by virtue of this will, shall" be divided between testator's brother Patrick and his three sisters and a nephew, named in the will, share and share alike, and appoints his wife sole executrix.

Mary Connors, his widow, died January 9, 1884, leaving a last will, which was admitted to probate May 8, 1884, in which she directed the sale of her real estate, and makes various bequests, including her household furniture and wearing apparel, and appoints defendant, James J. Clark, executor thereof.

It was claimed that the plaintiff, as administrator with the will annexed of Francis Connors, sold all the personal property which was left in the possession of Mary Connors at her death, and used the proceeds in settling the estate of Francis. There was no money or other personal property. The only property remaining that Francis owned in his lifetime is the real estate. No debts or claims were shown to be outstanding against the estate of Francis.

The executor of Mary Connors claims that all the property of which Francis, her husband, died seized, passed to her absolutely by his will.

Plaintiff, as administrator with the will annexed of Francis Connors, brings this action to obtain a judicial construction of such will, and makes the claim that Mary Connors took a life estate merely.

*Isaac Lawson*, for the appellant McElrone.

*Eugene Burlingame*, for the appellant Clark, executor.

*J. H. Clute*, for the respondent.

PECKHAM, J.:

This action is brought to obtain a construction of the will of one Francis Connors, deceased. It is objected that the court has no jurisdiction to construe the will, because there is no personal estate which was not fully administered before the bringing of the action, and there is no trust relating to any real estate owned by the testator in his lifetime.

It appears, however, by the admission of the counsel for McElrone, who appeals from the judgment herein and seeks to have it reversed, that his client received personal property from the widow of the testator, which property once belonged to him, and which personal property was not disposed of by the widow for her support or maintenance. And the counsel maintains his right to appeal and to ask for a reversal of the judgment because his client, having received this personal property from the widow in her lifetime, stands in danger of being called to account for it if the widow had no right to dispose of it, but for her support or maintenance.

This shows that in one aspect of the case, and upon one construction of the will, there is personal property unadministered and in the hands of a third party, which it might be the duty of the administrator of the estate of Francis Connors to collect and pay over as trustee to the person designated in the will. In such event it is proper to bring an action for the construction of the will of an individual, in order to advise the executor or administrator what disposition to make of the personal estate, and jurisdiction being acquired for that purpose it remains for all others. (*Wager* v. *Wager*, 89 N. Y., 161, and cases cited.)

The jurisdiction does not depend upon which way the question may be decided, but upon the existence of the question, and hence it exists, even though it should be decided that the gift of the personal property to Catharine McElrone, by the widow in her lifetime, was valid and that thus in reality there was no personal property upon which to administer. By the decision at Special Term the

right of the widow to dispose of the property coming to her from her husband, for any purpose other than for her support and maintenance, was denied. We think, therefore, that the court has jurisdiction over the subject-matter of the action, which must be decided upon the construction of the will of Francis Connors.

The Court of Appeals has held that in regard to a will which took effect prior to the adoption of the Revised Statutes, a provision in such will disposing of real property to A, in such terms as to convey a fee, and with power to dispose of it in his lifetime, was inconsistent with a further provision, that in case A did not dispose of it during his life, that then the estate should go to B, and it was held that the limitation over was void. (See *Van Horne* v. *Campbell*, 100 N. Y., 287.)

The rule adopted by the common law was the simple and arbitrary one of holding it illegal to allow a remainder or other legal estate to be limited after a fee. (*Van Horne* v. *Campbell*, *supra*, opinion of ANDREWS, J., at page 291.) Such being the rule adopted, with or without reason, nothing need be said about its propriety. But when it was subsequently attempted to evade or avoid, to some extent, such hard and fast rule, for the purpose of supporting the intention of a testator, as evidenced in his last will, the courts, while establishing the validity of a fee limited upon a fee, refused even then to admit the validity of what may be called the remainder fee, if the devisee of the prior fee had been especially invested with the power of disposition during his lifetime, and the remainder fee was limited to take effect only upon the failure of the prior owner to exercise his power. This result was brought about by reason of what the courts called the repugnancy of the limitation over as against the prior disposition of the fee and the power of disposition connected therewith. It is, of course, true that any condition is repugnant to an absolute and unqualified fee, but the plain answer in such a case is that it is not an absolute and unqualified fee that is created, but a qualified and conditional one, and why such a limitation over, founded upon such a condition, should not be sustained, is very illogically stated, as it seems to me, by saying that the limitation over is repugnant to a fee. It is repugnant to a fee, but as a fee was not absolutely and unqualifiedly given, but only a conditional one, as therein stated, no repugnancy existed, for no such fee existed

as to create the repugnancy, provided due effect were given to all the words used by the testator in the creation of the estate.

However such, nevertheless, was the English rule which was adopted by our courts, as is shown in *Van Horne's case* (*supra*), and the plain intention of the testator was prevented from taking effect, because it violated a wholly artificial and technical rule, founded, as I think, neither upon any public policy or sound reasoning. The modern idea is much stronger than the past in the direction of carrying out the plain intention of the testator if it can be done without violating some plain rule of law or an express statute. Before the adoption of the Revised Statutes, such a rule existed as against a will like the one before the court, and unless those statutes have altered the rule, the limitation over must, in this case, be held void. The question then is, has the rule been abrogated by the Revised Statutes? I think it has. (See 1 R. S., 725, §§ 32, 33; 3 R. S. [7th ed.], 2178, same sections.)

The thirty-second section provides for not defeating or barring expectant estates, and the next section provides that the preceding one " shall not be construed to prevent an expectant estate from being defeated in any manner or by any act or means which the party creating such estate shall in the creation thereof have provided for or authorized, *nor shall an expectant estate thus liable to be defeated be on that ground adjudged void in its creation.*"

Can such a possibility of enjoying an estate, as rests with the individual entitled to it only on the failure of the precedent owner to dispose of it, be called an expectant estate, and is it saved by the sections above quoted? Such an interest in property answers the definition given of an expectant estate by the Revised Statutes.

It is a future estate limited to commence in possession at a future day on the determination by lapse of time or otherwise of a precedent estate created at the same time. It is also a contingent future estate, for the event upon which it is limited to take effect remains uncertain, and may never occur. It seems to me that it falls properly within these definitions, although the contingency upon which it is limited to take effect rests in the will or volition of the first taker. The only effect of such a limitation is, I think, to render the happening of the contingency more remote, but still not to alter its character as a contingency upon the happening of which the

estate is to vest. And I am the more inclined to take this view of the case as the result is to bring us a step nearer towards carrying out the intention of the testator, while it does not run counter to a statute or any rule of law or public policy. Being then an expectant estate the thirty-third section of the statute saves such an estate from being adjudged void in its creation, because of a liability to be defeated by an act or means which the party creating the estate provided for or authorized in the creation thereof. Here it seems to me is just such a case.

Before the adoption of this statute this expectant estate, called such by way of description, would have been held void in its creation by reason of its liability to be defeated by an act or means provided for or authorized by the party creating the estate, and in the creation thereof, viz., by the act of the first taker disposing of the estate during his lifetime, this act being authorized and provided for by the party (the testator) creating the estate and in the very instrument (the will) creating the same.

It is meant to apply to that interest in an estate which, before the adoption of the Revised Statutes, would have been adjudged void in its creation. If it would have been adjudged void in its creation, then, as the counsel for defendants contend, the statute would not apply, for it cannot be said of it that it was an expectant estate.

This construction of the statute would render it meaningless and absurd. The plain meaning is, that such an interest in property as would be termed an expectant estate, if it could otherwise be legally created, shall not be adjudged impossible of creation, because the creator of the estate in its creation provided for or authorized an act or means to defeat it. Having reached the conclusion that the Revised Statutes alter the rule as stated in the *Van Horne case* (*supra*), the only remaining question is whether the estate given by the testator to his wife was of such a nature that she could dispose of it all during her lifetime for any purpose she should judge to be for her use or benefit, or was she restricted to a disposition for her support and maintenance only, and did all of the estate of Francis Connors, not thus used, belong to his brother and sisters, as spoken of in his will?

This question is important to the defendant McElrone, as she admits the receipt of property from Mrs. Connors in her lifetime,

once belonging to estate of Francis Connors, and not given her for the support or maintenance of Mrs. Connors.

Under the authority of *Campbell* v. *Beaumont* (91 N. Y., 464), I think Mrs. Connors took a fee, but it was subject to the condition that the estate should be disposed of by her during her lifetime, for of such as was not disposed of, this will gives it to testator's brother and sisters.   In *Campbell* v. *Beaumont* (*supra*), the language there used to create a limitation over as claimed, was held not to accomplish such purpose, the court saying, " it was insufficient to limit the wife's estate or interest and seems rather to have been intended to express the natural anticipations of the testator that his property, or some of it, would, as matter of course, go from the mother to the child and his acquiescence in such devolutions," etc.

The child mentioned was the son of the mother but not of the testator.   Here the beneficiaries are the brother and sisters of the testator, and language which in the one case might be regarded as acquiescence in a natural devolution of property from mother to son, may, very properly in this case, be held as a disposition thereof by the testator, after the wife has finished her use for it with her life.   Thus distinguishing the two cases, I think that within the reasoning of the case of *Terry* v. *Wiggins* (47 N. Y., 512) the will in question, taking all its language, renders it necessary that the disposition of the property by the widow should be during her lifetime and not by will.   (See, also, *Flanagan* v. *Flanagan*, 8 Abb. N. C., 413.)

But I regard the construction of the court at Special Term as too narrow in holding that the widow had only power to dispose of the estate to such an extent as was necessary for her *support and maintenance*.   (See *Flanagan* v. *Flanagan*, *supra*.)   The language used in the will, as held in *Campbell* v. *Beaumont* (*supra*), is such as to create a greater interest in the estate than simply for her support and maintenance.   It would give an unconditional and unqualified fee, were it not for the use of subsequent language, which, in last above case was held not sufficient to change such estate in the case of a step-son of testator, and which, we think, may properly be held to change it in the case of a brother and sister, to the extent of limiting the disposition of the estate during the lifetime of the widow, and not by will.   But during such lifetime, we

think the widow could dispose of the property, although it were not for her maintenance and support.

The court in the *Van Horne case* (*supra*) treats the question as not yet decided in this State, as to whether the Revised Statutes have altered the common law in regard to the matters herein discussed and we, therefore, assume that such question is open for discussion in this court, and we have accordingly discussed and decided it.

The judgment of the Special Term should be modified as to the provisions declaring the right of the widow to dispose of the property in her lifetime, but only for her maintenance and support, and it should be declared she had an unlimited power to dispose of it during her lifetime, but not by will. In other respects the judgment should be affirmed. Costs of all parties out of the estate.

Judgment modified as per opinion and affirmed as modified ; to be settled by Peckham, J.