THE PEOPLE OF THE STATE OF NEW YORK ex rel.
WILLIAM J. HADDOCK AND OTHERS v. ARTEMUS S.
CADY, CLERK OF ARREARS.

*Redemption of lands sold in New York city for the non-payment of taxes — consolidation act, chap. 410 of 1882.*

Where lands in the city of New York have been sold for the non-payment of
taxes, and certificates have been delivered by the clerk of arrears to the pur-
chasers, the lands must be redeemed by the owner, if at all, by the payment of
the sum prescribed by section 941 of the consolidation act (chap. 410 of 1882),
that is, the sum mentioned in the certificate, together with interest thereon at
the rate of fourteen per cent per annum from the date of such certificate.

APPEAL by both the relators and the respondent from an order of
the Special Term, granting in part and denying in part a motion by
the relators for a peremptory *mandamus*.

Certain real estate of the relators was assessed for taxes for the
years 1877, 1878 and 1879. On the 7th day of May, 1883 (all of
said taxes remaining unpaid), the premises were sold by the clerk
of arrears to satisfy the same and were struck off for the sum of
$1,438.60, being the amount of the taxes with interest at seven per
cent per annum, together with the costs of advertising, and that
sum was, on May 29, 1883, received by the clerk of arrears from
the purchaser.

The clerk of arrears subsequently advertised that the premises
had been sold on May 7, 1883, and gave notice that unless redeemed
by the payment, for the use of the purchaser within two years from
the sale, namely, from May 7, 1883, of said sum of $1,438.60, with
interest at fourteen per cent per annum, a lease would be delivered
to the purchaser. On May 8, 1885, no such redemption having
been made, the comptroller, in the name of the mayor, aldermen
and commonalty of the city of New York, executed to said pur-
chaser a lease of the premises, but the same has not been delivered
but is retained in the possession of the clerk of arrears of taxes.
On the 24th day of December, 1885, the relators tendered to the
clerk of arrears the amount of taxes imposed for the years 1877,
1878 and 1879, with interest at seven per cent from the date of the
confirmation of the taxes in each year to the date of the tender,

which was refused by the clerk of arrears. The court below granted a peremptory *mandamus* to the clerk of arrears commanding him to receive the amount of the purchase-money at fourteen per cent from May 29, 1883, and give a certificate of redemption, and from that order both parties appeal.

*John C. Shaw*, for the relator.

*John Townsend, Jr.*, and *Henry Lacombe*, for the clerk of arrears.

MACOMBER, J. :

The learned judge at Special Term is of the opinion that there is an irreconcilable conflict between sections 918 and 941 of the consolidated act, which sections in a large part, if not wholly, control the decision of this case. Section 941 says, among other things : " If the person or persons claiming title to said lands or tenements, or some other person, shall not, within two years from the date of the before mentioned certificate, pay to the said clerk of arrears for the use of the purchaser or purchasers, his, her or their heirs, executors, administrators or assigns, the sum mentioned in such certificate, together with the interest thereon at the rate of fourteen per cent per annum from the date of such certificate, the said comptroller, in the name of the mayor, aldermen and commonalty, at the expiration of the said two years, shall execute to the purchaser or purchasers, his, her or their heirs, executors, administrators or assigns, a lease under the common seal of the city," etc. Section 918 declares that interest shall, after a certain period, be charged and collected at the rate of " seven per cent per annum on all arrears of taxes and assessments returned to the clerk of arrears from the time they became due until paid."

If, however, we examine the several sections of the consolidated act in their order it will be seen that there is in reality no conflict between the sections already referred to, although there is in them much infelicity of expression and arrangement. The policy of this portion of the consolidated act seems to be to divide all the several periods in which taxes may be paid into three parts, and to adjust the rate of interest accordingly as the taxes are paid during the one or the other of those periods. Section 917 declares that if the assessment shall remain unpaid for the period of sixty days after

the date of entry thereof in the records, it shall be the duty of the officer authorized to collect and receive the amount of such assessment to charge, collect and receive interest thereon at the rate of seven per cent per annum, to be collected from the date of such entry to the date of payment. Section 918 follows, the first clause of which might well be attached to section 917, and by it the rate of interest is still stated to be seven per cent on all arrears of taxes and assessments returned to the clerk of arrears from the time the taxes became due. It then says that this rate shall apply to the taxes and assessments remaining due and unpaid, for the non-payment of which the lands and tenements liable therefor shall have been sold since the 16th day of March, 1881, or thereafter, but shall not apply to or affect the rights of purchasers at sales for taxes before March 16, 1881, or to authorize the redemption of lands for sums less than those collectible for such redemption under the provisions of laws then existing.

Up to this point voluntary payments, made when due and without resort to sales of lands only, are contemplated and the rate of interest is seven per cent. Thence follows section 926, which directs the manner of advertising lands for sale for unpaid taxes and the manner of the sale, and requires the clerk of arrears to give the purchaser a certificate in writing describing the lands so purchased, the terms of years for which the same were sold and the sum paid therefor, and the time when the purchaser will be entitled to a lease thereof. The lands must now be redeemed by the owner, if at all, by the payment of the sum prescribed in section 941, which, as has already been seen, requires the owner or his representative to pay the amount of the taxes with certain expenses and interest at the rate of fourteen per cent, otherwise a lease of the lands will be given to the purchaser and the purchaser will be let into possession thereof. Thence follow other provisions relating to the redemption of lands after the lease has been given and the purchaser let into possession, and the rate of interest during such period which, clearly enough, do not have any bearing upon the question now before us, for the reason, first, that the notice to redeem was fatally defective in that it required redemption to be made within two years from the 7th day of May, 1883, instead of May 29, 1883, as the opinion of the Special Term well demonstrates; and, secondly, because the notice to the

owner, as prescribed by section 943, had not been given, and hence the time had not arrived when the right to exact forty-two per cent was in the purchaser.

The order of the Special Term should be affirmed, but without costs.

Brady, P. J., and Daniels, J., concurred.

Order affirmed, without costs.