CYNTHIA M. HARRIS vs. MARTIN W. DAWLEY, EXR.

PROVIDENCE—MAY 1, 1901.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Wills. Bequest of Personalty for Life, with Remainder.*

Testamentary bequest: "One undivided third part of the residue to X. *to have and to hold* during the term of her natural life ; and at her death or at my death, should I survive her, to Z." The whole estate ready for distribution consisted of money :—

*Held,* that while X. was not entitled to the fund absolutely, she was entitled, in the words of the instrument, to have and to hold the fund during her life-time, the intent of the testator being that she should have the fund *in specie.*

ACTION to recover a legacy.    The facts appear in the opinion.    Judgment for plaintiff.

BLODGETT, J.    This is an action to recover a legacy under the fifth clause of the will of Phebe W. Dawley, which is as follows, so far as material to the case at bar :

(1)    "One undivided third part thereof (*i. e.*, of the residuum) to my daughter Cynthia M. Harris, to have and to hold during the term of her natural life ; and at her death, or at my death, should I survive her, to my son Martin W. Dawley, if he is then living, and if he is not living at that time, one-half (½) to Wheaton Allen of Lincoln, Nebraska, and the other half to Chester Allen of Omaha, Nebraska."

By the agreed statement of facts it is conceded that the defendant executor has settled his final account ; that the estate is ready for distribution ; and that the whole estate in the hands of the defendant executor consists of money on deposit.

The plaintiff claims the right to receive one-third of this balance for distribution absolutely, and, if she has not the right to receive it absolutely, then she claims the right to have it paid to her and to retain the custody of it ; while the executor denies that she is entitled to have it paid to her or to have its custody, and asserts that he should retain the cus-

tody of the fund during her life, duly paying her the income from the same.

We think the plaintiff is not entitled to the fund absolutely. The evident intent of the testator was not to enlarge her interest in the fund beyond a life-estate, for it is given to her only "during the term of her natural life." While this is so, the bequest is given to her "to have and to hold" for the period of her life, and we are accordingly of the opinion that she is entitled, in the exact words of the instrument, to have and to hold the fund during her life-time.

We are not unmindful of the rule that a general bequest of personalty for life, with remainder over, is commonly held to require the executor to invest the fund and to pay over the income to the life-tenant, and upon his decease to pay the principal of the fund to the remainder-men. See *Healey* v. *Toppan*, 45 N. H. 243, where the English and American cases upon this point are very fully collected and examined. But this rule only prevails when the intent of the testator has not been expressed to the effect that the life-tenant should have the fund *in specie*, and the modern doctrine is that very slight indications of the will of the testator are to be considered as establishing the latter view. *In re Garrity*, 108 Cal. 463, decided in 1895, the bequest was to the widow "to have and to hold and to enjoy for the term of her natural life only and not otherwise," and the court says of this language : " In the absence of any limiting clause, the use of the words would imply a right to the possession of the property in order that she might 'enjoy' it." In that case a portion of the estate consisted of "the sum of $8,068.74 in money which was on deposit in the bank at the testator's death." See also *Starr* v. *McEwen*, 69 Me. 335 ; *Buckingham* v. *Morrison*, 136 Ill. pp. 437 and 439 ; *In re James*, 146 N. Y. 101 ; *Corle* v. *Monkhouse*, 47 N. J. Eq. 73 ; *Taggard* v. *Piper*, 118 Mass. 315 ; *Johnson* v. *Goss*, 128 Mass. 435.

In the case at bar the words "to have and to hold" seem to us to signify clearly that the intent of the testator was that the possession of the fund should be given to the life-tenant, since otherwise these words are without meaning.

The case at bar is practically governed by *Sarle* v. *Probate Court of Scituate*, 7 R. I. 270, decided in 1862.  In that case the duty of an executrix who was also a legatee under a will giving her "all my estate, real and personal, during the time that she may remain my widow;" and then continuing : " after the decease or marriage of my said wife, I give, devise, and bequeath all the above said real estate to my lawful heirs at law, meaning all my brothers and sisters, and the children of them that are deceased, to them, their heirs and assigns forever, share and share alike, and also all the personal estate to the same as above named that may remain after the decease or marriage of my said wife, to them, their heirs and assigns forever, the children of deceased ones to have one-fourth part," was thus defined by Ames, C. J., page 274 :

" Both parties, as it seems to us, give too much importance to the amount of this bond.  It will be no continuing security to those entitled in remainder, for their interest in the testatator's personal property ; but upon the settlement by the executrix of her final account with the Court of Probate in which she will credit herself with this property as retained by her *as legatee during widowhood*, so far as not expended in paying debts, funeral charges, the erection of gravestones, and the expenses of settling the estate, the condition of the bond will have been satisfied, and the sureties will be discharged."  Here the court expressly decided that the legacy should not be retained by the widow as executrix, but should be retained by her as legatee.  And we are of opinion that the same rule applies here, and that it is the duty of the executor to pay the fund in question to the plaintiff, to be held by her for and during her natural life.

Judgment for plaintiff.

*Tillinghast & Murdock*, for plaintiff.
*Cooke & Angell*, for defendant.