RUSSETT SCHOOL DISTRICT NO. C-8
v. ASKEW, County Supt.

No. 31525.   Sept. 28, 1943.

*141 P. 2d 575.*

Potterf, Gray & Poindexter, of Ardmore, for plaintiff in error.

Reuel W. Little and Jack H. Smith, both of Madill, for defendant in error.

HURST, J.   This is a suit to enjoin the detachment of certain territory from the plaintiff school district. The questions presented are (1) whether an entire school district, attached to another in 1942, may be detached therefrom under the provisions of section 10, Title 70, ch. 24, S. L. 1943, page 208, 70 O. S. Supp. 1943 § 891.10, and (2) whether the territory sought to be detached was properly described in the detachment proceedings.

School district No. 13 of Marshall county, as originally created in 1907, consisted of a tract of land three miles square lying south of, and adjacent to, plaintiff, Russett school district No. C-8 of Johnston county. In 1920 three quarter sections of land lying in the northeast corner of district No. 13 were annexed to the plaintiff district. In 1942, upon petition and in accordance with the provisions of 70 O. S. 1941 § 890.1, 890.2, the entire remainder of school district No. 13 was annexed to the plaintiff district. An appeal from the order of annexation was taken to the district court, and the order was there held to have been made in accordance with law and affirmed.

In 1943, the Legislature repealed 70 O. S. 1941 §§ 890.1-890.8, providing for the annexation of territory to school districts upon petition to the county superintendent, and enacted Senate Bill No. 5, Title 70, ch. 24, S. L. 1943, 70 O. S. Supp. 1943 §§ 891.1-891.11, providing for an election upon such issue. Section 10 of this act is as follows:

"Provided further that fifty (50%) per cent of the voters in any territory that has been annexed to another district during the year 1941, 1942, and 1943, may file a petition with the county superintendent of the county of the district from which they were originally detached calling for an election for the purpose of detachment, and it shall be the duty of the county superintendent in the county from which the detach-

ment was made to call an election for said purpose in the district from which the detachment was made, and if a majority of those voting at such an election shall vote to detach from the district of which they were then a part and return to the district from which they were detached, the county superintendent of the county shall declare the territory annexed to the original district."

On June 5, 1943, 34 persons who declared themselves to be qualified voters of former "school dist. No. 13" petitioned the defendant county superintendent, "under authority of Senate Bill No. 5, 19th Oklahoma Legislature," to call an election for the purpose of voting on the detachment of former district 13 from the plaintiff district. Former district No. 13· was described therein as follows:

"Beginning at center section 15 T. 5 S. R 4 E. run East to center Section 18 T. 5 S. R. 5 E., now North to County line, then on County line West to ½ Sec. line that divides Sec. 34, now South to center Section 15, on starting point. On June 25, 1920 the boundary line of District No. 13 is changed to cut off the North half of Sec. 36 T. 4 S. R. 4 E., and N. W. ¼ of Sec. 31 T. 4 S., R. 5 E. into district Number 8 in Johnston County, Okla.;"

The first sentence of the description embraces district No. 13 as it existed before the annexation of 1920, and the whole description is verbatim with that contained in the plat book of the county superintendent, from which it was apparently copied.

Acting upon the petition the defendant called the election for the afternoon of June 18, 1943. In the notices thereof he described district No. 13 as "the entire district," using thereafter the exact description contained in the petition. In the affidavit of the circulators of the petition, and in other places in the proceedings, the territory to be detached was referred to as "the entire district" and "the district heretofore known as school district No. 13."

On the morning of June 18, 1943, plaintiff, alleging that defendant, as county superintendent of Marshall county, had no authority to receive or act upon the petition, filed this action to enjoin him from taking any further action thereunder. After the election (at which the electors favored detachment by a vote of 17 to one) the court temporarily restrained defendant from proceeding further with the detachment. On June 21, 1943, the case was heard upon its merits, and from a judgment denying the injunction, plaintiff appeals.

1. Plaintiff first argues that the provisions of section 10, above, do not authorize the detachment of territory formerly comprising an *entire* school district, but apply only to *territory* previously disannexed from some other district. In support of its contention it points to the language of the statute generally, and particularly to the latter part thereof providing that if the majority of electors vote "to return to the district from which they were detached," the county superintendent shall "declare the territory annexed to the original district." In reply the defendant asserts that the statute is remedial in nature, that it was enacted to afford a remedy for many unjust annexations which had been made under the 1941 law, and that it should be liberally construed to grant the relief intended by the Legislature.

The question thus presented is one of statutory construction. As has often been said, the cardinal rule in such cases is to ascertain and give effect to the legislative intention. Sheridan Oil Co. v. Superior Court of Creek Co., 183 Okla. 372, 82 P. 2d 832. That intention is to be first sought in the language of the statute itself, and if it is there plainly expressed, it must be followed without further inquiry. Martin v. Carman, 183 Okla. 177, 80 P. 2d 561; 59 C. J. 953; Lewis' Sutherland Statutory Construction, pp. 698-706, §§ 366, 367. Where, however, the language is of doubtful meaning the courts may resort to other aids to ascertain the legislative intention, and among these are the purpose to be accomplished (Sheridan Oil Co. v. Superior Court of Creek Co.,

above, 25 R. C. L. 1013, 59 C. J. 961), and the mischief to be remedied. Blevins v. W. A. Graham Co., 72 Okla. 308, 182 P. 247; Sutherland, Statutory Construction (3rd Ed.) Horack, § 4501; 25 R. C. L. 1015. And remedial statutes should be "construed liberally so as to afford all the relief within the power of the court which the language of the act indicates that the Legislature intended to grant." Shimonek. v. Tillman, 150 Okla. 177, 1 P. 2d 154; 25 .R. C. L. 1077, 1078, § 299.

The ambiguity of section 10 is obvious. By the first clause of the single sentence contained therein, the section is made to relate to "any territory" annexed to another district during 1941, 1942, and 1943, but later clauses seem to infer that the section relates only to territory previously detached from another district. We may look then to the purpose of the section to ascertain the legislative intention. It is apparent that section 10 is remedial, and was enacted to permit the electors of territory annexed to school districts by petition alone to determine by ballot whether they desire to remain in such district or to return to their former status. The Legislature evidently felt that petitions for annexation frequently did not represent the true will of the people, and, while amending the law to provide for the determination of such question by secret ballot, thought it wise to permit the electors of territory annexed under the old law to affirm or disaffirm such annexation, also by secret ballot.

We cannot believe, however, that the Legislature intended to afford this privilege to parts of districts annexed to other districts and not to whole districts so annexed. There is no reasonable basis for such a distinction. The evil sought to be remedied applies as much to territory of the one kind as of the other. We hold, therefore, that the provisions of section 10 are applicable to all territory annexed to other districts during 1941, 1942, and 1943, regardless of whether such territory had theretofore been detached from some other district or constituted an entire district.

2. Plaintiff next contends that the description of "former district 13" contained in the petition for detachment embraces the whole of such district as it existed prior to the annexation of 1920, and since it includes territory annexed to plaintiff district prior to 1941, the defendant was without authority to act thereunder. Defendant denies that he was attempting to detach the three quarter sections annexed to plaintiff district in 1920 and asserts that the description describes district 13 as it existed when annexed to plaintiff district in 1942. We agree with defendant's contention. Although the method employed was unusual, we are of the opinion that the net effect of describing the district as originally created and then noting the detachment of certain territory, was to describe the district as it existed after such detachment. The words "the entire district" and "the district heretofore known as school district No. 13," used in the petition and notices, referred to the district as it existed from 1920 to 1942 and not as it existed prior to that time. Our conclusion is strengthened by the fact that the petition recites that it is presented under "authority of Senate Bill No. 5, 19th Oklahoma Legislature" (70 O. S. Supp. 1943 §§ 891.1-891.11), which, as we have seen, permitted the detachment only of territory annexed to other districts in 1941, 1942, and 1943.

In view of our conclusion, it becomes unnecessary to consider the question presented by the defendant as to whether injunction is the proper remedy.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., absent.