2009 OK 83

**Gregory Ralph WILHOIT,
Plaintiff/Appellant,**

v.

**The STATE of Oklahoma,
Defendant/Appellee.**

No. 105,883.

Supreme Court of Oklahoma.

Nov. 10, 2009.

As Corrected Nov. 16, 2009.

 

Mark Barrett, Barrett Law Office, Norman, OK, for Plaintiff/Appellant.

John D. Hadden, Assistant Attorney General, Oklahoma Attorney General's Office, Oklahoma City, OK, for Defendant/Appellee.

REIF, J.

¶ 1 The issue presented on certiorari review is whether a governmental tort claim for "wrongful conviction" under 51 O.S. Supp. 2003 §§ 154(B) and 156(H) can be pursued without a prior determination of "actual innocence" as provided in § 154(B). For the reasons that follow, we hold that certain claims for wrongful conviction can be pursued without a prior determination of "actual innocence."

¶ 2 This issue arises from a suit brought by Gregory Ralph Wilhoit to recover for his alleged wrongful conviction and imprisonment for first degree murder. His petition discloses that (1) he was convicted of the felony of first degree murder in 1987 and was imprisoned, (2) this conviction was reversed on appeal in April 1991, and (3) a retrial in 1993 resulted in dismissal of the charge after the trial court sustained his demurrer to the State's evidence. The petition notes that a dismissal after sustaining a demurrer has the legal effect of an acquittal and bars any further proceedings based on the facts and circumstances.

¶ 3 Mr. Wilhoit's petition further alleged that his conviction was based on the assertion that his teeth matched a bite mark on the victim's body. The Notice of Claim attached to the petition points out that "a dentist issued an opinion that [the] bite mark on the [victim's] body matched Mr. Wilhoit," but this same dentist also "eventually conceded he may have been wrong." The Notice of Claim states that "a dozen of the top forensic odontologists in North America concluded that the bite mark was not consistent with Mr. Wilhoit's bite pattern." The petition and Notice of Claim notes that there is other forensic evidence of Mr. Wilhoit's innocence. The petition states a fingerprint on a phone that had been pulled from the wall matched neither Mr. Wilhoit or the victim. The Notice of Claim likewise points to the

fingerprint and also mentions that cigarettes were found in the area where the body was found and they were not the victim's brand. The Notice of Claim indicates Mr. Wilhoit did not smoke cigarettes.

¶ 4 The primary statutory authority for a claim for wrongful conviction is 51 O.S. Supp. 2003 § 154(B). This statute states, in pertinent part:

1. Beginning on the effective date of this act, claims shall be allowed for wrongful criminal felony conviction resulting in imprisonment if the claimant has received a full pardon on the basis of a written finding by the Governor of actual innocence for the crime for which the claimant was sentenced or has been granted judicial relief absolving the claimant of guilt on the basis of actual innocence of the crime for which the claimant was sentenced. The Governor or the court shall specifically state, in the pardon or order, the evidence or basis on which the finding of actual innocence is based.

2. As used in paragraph 1 of this subsection, for a claimant to recover based on "actual innocence", the individual must meet the following criteria:

a. the individual was charged, by indictment or information, with the commission of a public offense classified as a felony,

b. the individual did not plead guilty to the offense charged, or to any lesser included offense, but was convicted of the offense,

c. the individual was sentenced to incarceration for a term of imprisonment as a result of the conviction,

d. the individual was imprisoned solely on the basis of the conviction for the offense, and

e. (1) in the case of a pardon, a determination was made by either the Pardon and Parole Board or the Governor that the offense for which the individual was convicted, sentenced and imprisoned, including any lesser offenses, was not committed by the individual, or

(2) in the case of judicial relief, a court of competent jurisdiction found by clear and convincing evidence that the offense for which the individual was convicted, sentenced and imprisoned, including any lesser included offenses, was not committed by the individual and issued an order vacating, dismissing or reversing the conviction and sentence and providing that no further proceedings can be or will be held against the individual on any facts and circumstances alleged in the proceedings which had resulted in the conviction.

Claims are further governed by § 156(H) which provides:

H. For purposes of claims based on wrongful felony conviction resulting in imprisonment provided for in Section 154 of this title, loss occurs on the date that the claimant receives a pardon based on actual innocence from the Governor or the date that the claimant receives judicial relief absolving the claimant of guilt based on actual innocence; provided, for persons whose basis for a claim occurred prior to the effective date of this act, the claim must be submitted within one (1) year after the effective date of this act.

The foregoing statutes became effective on May 23, 2003.

¶ 5 It appears the trial court concluded that the foregoing statutes require a claimant to obtain a determination of "actual innocence" as a condition to pursuing a claim for wrongful conviction. Based on Mr. Wilhoit's concession that he had not obtained a determination of "actual innocence" prior to filing his claim and suit, the trial court dismissed Mr. Wilhoit's petition for failure to state a claim upon which relief can be granted. 12 O.S.2001 § 2012(B). The Court of Civil Appeals agreed with the trial court and affirmed the dismissal. As noted before, this Court has previously granted certiorari.

¶ 6 On certiorari review of a dismissal for failure to state a claim, this Court reviews the petition de novo to decide whether the petition is legally sufficient. *Indiana National Bank v. State Dept. of Human Services,* 1994 OK 98, ¶ 2, 880 P.2d 371, 375. If it is necessary to construe statutory authority in determining the legal sufficiency of

the petition, this Court will likewise do so de novo.

▮ ¶ 7 Upon review, we find that the Legislature did not provide a single regime for wrongful conviction and imprisonment claims; rather, the Legislature created two distinct categories of claims. The first category is for convictions that are pardoned or set aside **after** the effective date of §§ 154(B) and 156(H) ("the act"). The second category is for convictions that were pardoned or set aside **prior** to the effective date of the act.

¶ 8 For the first category of cases, the Legislature expressly provided that a determination of "actual innocence" was the basis or triggering loss for a claim, and required these claims to be filed within one (1) year of the determination of actual innocence. However, in the second category of cases, the Legislature addressed recovery by "persons whose basis for a claim occurred prior to the effective date of the act" and made the effective date of the act the triggering event for filing a claim. The language "basis for a claim" used in this provision could not refer to "actual innocence," because "actual innocence" did not exist as a legal standard under Oklahoma law prior to effective date of the act. The language "basis for a claim" must refer to legal relief that the claimant obtained from a conviction prior to the effective date of the act.

¶ 9 There is a valid reason for treating claims based on pre-effective date relief differently than those based on post-effective date relief. In cases (like Mr. Wilhoit's case) where an appellate court reversal of a conviction and subsequent trial court dismissal were rendered before the effective date of the act, the appellate court and trial court would have no occasion, or even a reason, to determine the "actual innocence" of an accused. Likewise, the Governor would have no occasion or reason to determine the "actual innocence" of the applicant for a pardon prior to the effective date of the act.

¶ 10 To prevent such omissions from depriving deserving individuals of a chance for compensation, and to avoid the unfair burden of seeking further relief from a conviction previously set aside, the Legislature allowed a claim for wrongful conviction to be based on relief from the conviction that was obtained prior to the effective date of the act. However, the Legislature did not indicate how such a claimant should address the issue of his innocence. This creates an ambiguity in the statute.

▮▮ ¶ 11 In resolving an ambiguity in a statute, this Court will look to the various provisions of the relevant legislative scheme to ascertain and give effect to the legislative intent and the public policy underlying that intent. *In re J.L.M.,* 2005 OK 15, ¶ 5, 109 P.3d 336, 338. In the case of §§ 154(B) and 156(H), the intent of the legislature was to delineate the circumstances under which the State of Oklahoma would be liable for wrongful conviction and imprisonment, while the public policy was to compensate individuals who could prove their innocence. Issues of liability and the allowance of compensation were to be determined through the procedure provided in the Governmental Tort Claims Act, 51 O.S.2001 and Supp. 2003 §§ 151 through 172. In cases based on post-effective date relief, the Legislature expressly provided for a claimant's innocence to be established in the pardon process or by the court in "vacating, dismissing or reversing the conviction and sentence." However, in cases of pre-effective date relief, the Legislature left only the claims process itself for a claimant to establish his innocence.

▮ ¶ 12 In the absence of any other means to establish innocence, we conclude the Legislature intended for a claimant relying on pre-effective date relief to present evidence that he did not commit the crime for which he was convicted and imprisoned in the course of the claims process. Similarly, we believe the Legislature intended for the State to have an opportunity to dispute the innocence of such a claimant in the course of the claims process as well. Obviously, claims in this category based on pre-effective date relief can only be decided on a case-by-case basis, initially by the Office of Risk Management Administrator of the Department of Central Services and then, if denied, by the district court. 51 O.S.2001 and Supp. 2003

§§ 156(C)[1] and § 157.

◼ ¶ 13 This interpretation is also consistent with the remedial nature of §§ 154(B) and 156(H). It has long been recognized that remedial statutes should be construed liberally so as to afford all the relief within the power of the court which the language of the act indicates the Legislature intended to grant. *Russett School Dist. No. C–8 of Johnston County v. Askew*, 1943 OK 300, 141 P.2d 575.

¶ 14 Based on the foregoing, we hold that "persons whose basis for a [wrongful conviction] claim occurred prior to the effective date of the act" are not required to obtain a determination of "actual innocence" by a pardon or judicial relief prior to filing and pursuing a claim under the Governmental Tort Claims Act. The "basis" for such claims is the legal relief that individuals had obtained from conviction and accusation prior to the effective date of the act. Persons whose claims fall within this category must nonetheless present evidence that they did not commit the crime for which they were convicted in the course of the claims process and a subsequent court proceeding, if necessary.

¶ 15 Upon de novo review, we find Mr. Wilhoit's petition discloses that he obtained legal relief from his conviction prior to the effective date of the act and that his claim was filed on February 25, 2004, within one (1) year of the effective date of the act (May 23, 2003), and he timely commenced suit after denial of the claim. The petition also identifies evidence that allegedly establishes his innocence. Accordingly, the petition is legally sufficient and it was error to dismiss it for failure to state a claim. While Mr. Wilhoit is due a day in court on his claim, the State is also entitled to dispute Mr. Wilhoit's innocence for the crime previously charged. To ultimately prevail, Mr. Wilhoit must present evidence that he did not commit the offense for which he was convicted, sentenced and imprisoned.

¶ 16 In conclusion, we reverse the dismissal of this case and remand it to the trial court for further proceedings consistent with the views expressed herein.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; DISMISSAL REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.**

¶ 17 EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, WATT, WINCHESTER, COLBERT, and REIF, JJ., concur.

¶ 18 TAYLOR, V.C.J., dissents.

The statutes involved in the resolution of this case are not ambiguous. The trial judge and the Court of Civil Appeals were absolutely correct in their resolution of all the issues. Nowhere in the clear language of these statutes can there be found a separate or lesser standard for claims that occurred prior to the effective date of these statutes. For those older cases, the claimant is given one year to submit his claim. Nothing in the statute lessens his burden to obtain a finding of actual innocence by the Governor or a Judge. There is absolutely no provision in the statute for a different standard for this older claim. The standard clearly set out in the law for all claims is a finding of "actual innocence". These statutes gave Mr. Wilhoit the opportunity for due process and a full opportunity to submit a claim and meet the required standard for payment of a claim. He did not avail himself of this due process right and his claim was properly dismissed.

---

1. The name the Office of Risk Management Administrator of the Department of Central Services was changed from the Office of Risk Management Administrator of the Purchasing Division of the Office of the Public in the 2006 amendments to the act.