2013 OK 64

**Sedrick Ramon COURTNEY, Petitioner/Appellant,**

v.

**The STATE of Oklahoma, Respondent/Appellee.**

No. 111,121.

Supreme Court of Oklahoma.

July 2, 2013.

Richard O'Carroll, Esq., O'Carroll & O'Carroll, Tulsa, Oklahoma, for Petitioner.

Barry Scheck, Esq., Karen Thompson, Esq., The Innocence Project, New York, New York, for Petitioner.

Charles A. Dickson III, Assistant Attorney General, Oklahoma City, Oklahoma, for Respondent.

Howard Schiffman, Esq., Katherine Schuerman, Esq., Schulte, Roth and Zabel LLP, Washington, D.C., and Patrick O. Waddel, Sneed Lang PC, Tulsa, Oklahoma, for Amicus Curiae.

REIF, V.C.J.

¶ 1 The primary issue presented in this original proceeding is whether this Court or the Court of Criminal Appeals has jurisdiction to review an order deciding a request to determine actual innocence. A determination of actual innocence is required for a wrongful conviction claim under the Governmental Tort Claims Act, 51 O.S.2011, §§ 151 through 172. The controversy over appellate jurisdiction stems from the fact that petitioner Sedrick Ramon Courtney sought a determination of actual innocence at the conclusion of a post-conviction relief proceeding. This is a criminal proceeding under 22 O.S. 2011 §§ 1080 through 1089. The trial judge denied the request to determine actual innocence, despite having vacated petitioner's conviction on the basis of exonerating evidence.

¶ 2 In denying petitioner's request to determine actual innocence, the judge expressed the opinion that there was not clear and convincing evidence of petitioner's actual innocence. However, the judge further stated that this denial was without prejudice to petitioner seeking such relief in another court of general jurisdiction in this State. Given the absence of legislative guidance for review of orders deciding the issue of actual innocence, the petitioner filed an appeal in this Court and an appeal in the Court of Criminal Appeals. The petitioner also asked this Court to assume original jurisdiction to resolve this uncertainty.

¶ 3 We have previously assumed original jurisdiction to settle the controversy over appellate jurisdiction to review orders deciding requests to determine actual innocence. Okla. Const. Art. 7, Section 4. We also find it necessary to review the order in the case at hand. We do so because the trial court erred in finding that another court has jurisdiction to make the threshold determination of actual innocence for purposes of the Governmental Tort Claims Act. As concerns this latter issue, we observe that statutory law and precedent from this Court state that jurisdiction to make the threshold determination of actual innocence lies in the court that vacates, dismisses or reverses the conviction of the person seeking to pursue a wrongful conviction claim. 51 O.S.2011 § 154(B)(2)(e)(2); *Wilhoit v. State*, 2009 OK 83, ¶ 11, 226 P.3d 682, 685.

¶ 4 As concerns the issue of appellate jurisdiction, we hold that jurisdiction to review an order deciding a request to determine actual innocence lies in this Court. We reach this conclusion because the threshold determination of actual innocence (made in conjunction with an order vacating, dismissing or reversing a conviction) is not a requirement founded upon the criminal law or the criminal procedure of this State. This threshold determination is a requirement created by the Governmental Tort Claims Act as a predicate to a tort claim against the State for wrongful conviction. 51 O.S.2011 §§ 154(B) and 156(H). Significantly, the concept of actual innocence is not a common law legal standard in the same sense as guilt beyond a reasonable doubt. The term actual innocence is a general expression of Legislative intent to limit tort claim relief to cases in which the defendant was exonerated, as opposed to cases in which a conviction is set aside from the suppression of a confession or the exclusion of other evidence. Even though the determination of actual innocence is to be made in conjunction with a post-conviction relief proceeding, actual innocence is not an issue that must be determined for the court to grant post-conviction relief.

¶ 5 Actual innocence is an ancillary issue to be determined in a supplemental proceeding. In the supplemental proceeding, the court makes use of the evidence adduced

at the post-conviction relief proceeding as well as other evidence. By directing the post-conviction relief court to make the additional determination of actual innocence, the Legislature was not making actual innocence a matter of criminal jurisprudence; the Legislature was simply seeking to achieve judicial economy. In the final analysis, a determination of actual innocence does not entitle the successful petitioner to further relief under the criminal law, it simply paves the way for the petitioner to pursue civil liability on the part of the State.

¶ 6 This pre-claim determination is the just the first step in the tort claim process that may ultimately require a jury to finally determine a claimant's actual innocence. As such, the determination of actual innocence at this stage is a matter that falls within the civil jurisprudence of this State and the appellate jurisdiction of this Court. Either party, the petitioner or the State, may appeal this threshold determination.

¶ 7 In denying the request to determine actual innocence in the case at hand, the trial court expressed concern that petitioner did not meet his "burden of proof" on the issue of his actual innocence. We find the trial court also erred as a matter of law in construing the showing required by the petitioner to be a "burden of proof." Statutory construction presents a question of law that is reviewable de novo. *State ex rel. Oklahoma Tax Comm'n v. Sun Co.*, 2009 OK 11, ¶ 8, 222 P.3d 1046, 1048. While the Legislature does require clear and convincing evidence of actual innocence to pursue a claim, we do not believe that the Legislature intended the court to make a final adjudication of actual innocence at this stage. When viewed in the context of the larger tort claims process, it appears the Legislature intended the court to act as gatekeeper.

¶ 8 The gatekeeper role of the court is to determine whether the petitioner had made a prima facie case of innocence. The requirement of "clear and convincing evidence" at this stage is not a burden of proof, but is the measure of the prima facie case. Clear and convincing evidence is sufficient evidence, both in its quality and quanti-

ty, so as to produce a firm conviction of the truth of the allegation. *State ex rel. Oklahoma Bar Association v. Wilcox*, 2009 OK 81, ¶ 3, 227 P.3d 642, 647. In the related gatekeeper role for the tort of outrage, the trial court must allow the case to go forward if reasonable persons could differ on the ultimate issue. *See Miller v. Miller*, 1998 OK 24, ¶ 34, 956 P.2d 887, 901.

¶ 9 In assessing the prima facie case at this stage, the post-conviction relief court must view the evidence in a light most favorable to the petitioner, particularly any exonerating evidence. An appellate court must likewise view the evidence in a light most favorable to the petitioner when conducting de novo review of the actual innocence finding by the post-conviction relief court. *See Durham v. McDonald's*, 2011 OK 45, ¶ 9, 256 P.3d 64, 67. This standard is required for a number of reasons. First, upon vacation of the conviction, the presumption of innocence is restored to the petitioner. Second, in vacating the conviction, the court must have found the exonerating evidence to have sufficient probative force to overcome the jury's determination of guilt beyond a reasonable doubt. Third, this view of the evidence in determining a prima facie case better serves the "remedial nature" of a claim for compensation for wrongful conviction. *Wilhoit*, 2009 OK 83, ¶ 13, 226 P.3d at 686. It also liberally construes §§ 154(B) and 156(H) "so as to afford all the relief within the power of the court which the language of the act indicates the Legislature intended to grant." *Id.*

¶ 10 In *Wilhoit*, a case where a conviction was set aside prior to the effective date of §§ 154(B) and 156(H), this Court took a similar view of a prima facie case of innocence; we recognized that vacation of a conviction based on exonerating evidence is a sufficient showing of actual innocence to initiate the Risk Management claims process. *Wilhoit*, 2009 OK 83, ¶ 11, 226 P.3d at 685. One rationale for this approach was that the State is afforded an opportunity to present evidence in the claims process to rebut the petitioner's claim of innocence. *Id.* In the course of the Risk Management claims process for such claims, if actual innocence re-

mains in doubt, the State's Risk Management representative may deny the claim and have a jury ultimately determine actual innocence as an element of a wrongful conviction claim. No good reason exists to subject post-effective date claims to a different and more difficult process.

¶ 11 This interpretation of the trial court's role, following post-conviction relief, places both pre-effective date claims (Risk Management) and post-effective date claims (Judicial Relief) on similar footing insofar as a **threshold showing of actual innocence** is concerned. Again, in doubtful cases in either category, the State's Risk Management representative can always deny the claim and have a jury determine whether there is clear and convincing evidence of **actual innocence as an element** of the wrongful conviction claim.

 ¶ 12 Based upon the foregoing considerations, we hold the trial court erred in denying the request of Sedrick Ramon Courtney for a threshold determination of actual innocence following the vacation of his criminal conviction in a post-conviction relief proceeding. More particularly, we hold the trial court erred in (1) ruling that Mr. Courtney had not presented clear and convincing evidence of his actual innocence in the face of the exonerating scientific evidence that supported the vacation of the criminal conviction, and (2) dismissing Mr. Courtney's request to determine actual innocence without prejudice to pursuing such relief in a court of general jurisdiction.

¶ 13 The determination of actual innocence is ancillary to a proceeding seeking judicial relief from a conviction and is to be made utilizing the evidence offered in support of such relief and other evidence. A court should view the evidence in a light most favorable to the petitioner, bearing in mind that actual innocence will be again examined in the claims process and may ultimately be determined by a jury.

¶ 14 Accordingly, we reverse the trial court's denial of Petitioner's request to determine actual innocence and remand with directions to redetermine this request consistent with the views expressed in this opinion.

Petitioner is directed to dismiss the appeal he filed in the Court of Criminal Appeals.

**ORIGINAL JURISDICTION PREVIOUSLY ASSUMED; APPEAL TO THIS COURT OF THE ORDER DENYING REQUEST FOR DETERMINATION OF ACTUAL INNOCENCE CONSOLIDATED WITH THIS ORIGINAL PROCEEDING; ORDER DENYING REQUEST TO DETERMINE ACTUAL INNOCENCE REVERSED AND REMANDED WITH DIRECTIONS.**

¶ 15 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, and GURICH, JJ., concur.

TAYLOR, J., dissenting.

¶ 16 **I would transfer this matter to the Court of Criminal Appeals.** 22 O.S.2011, § 1087.