2017 OK 48

**Vitaly Burleovitsh KOLOSHA,
Plaintiff/Appellant,**

**v.**

**STATE of Oklahoma, District Attorney's
Office, Defendants/Appellees.**

**No. 115,302**

Supreme Court of Oklahoma.

Decided: 06/06/2017

Vitaly Burleovitsh Kolosha, Pro se, Lexington, Oklahoma, for Plaintiff/Appellant.

No appearance for the State of Oklahoma or the Tulsa County District Attorney, Defendants/Appellees.

REIF, J.:

¶ 1 This appeal arises from an unsuccessful effort by pro se inmate Vitaly Burleovitsh Kolosha in 2015 to recover a computer, a photo camera and a movie camera seized by law enforcement in 2006. Mr. Kolosha filed a pleading that he captioned "Petition for Writ of Replevin or $2500 Reimbursement" in his Tulsa County criminal case. The pleading averred that this property had nothing to do with the criminal charges and it had not been returned to him. The pleading also contained a certificate signed by Mr. Kolosha declaring the pleading was true and had been mailed to a state senator, the Wagoner County Sheriff, the Tulsa County Sheriff, the Tulsa County District Attorney and the United States Department of Justice.

¶ 2 The Tulsa County District Attorney was the only party to file a response. The response did not deny or otherwise contest Mr. Kolosha's statement that the property in question had nothing to do with the criminal charges against him. The response was largely devoted to recounting Mr. Kolosha's conviction for Lewd Molestation of a Minor and his unsuccessful efforts on appeal and post-conviction relief to overturn his conviction. The District Attorney's response also stated that his office never had custody of the items in question.

¶ 3 The trial court denied Mr. Kolosha relief on two grounds. The trial court first ruled that Mr. Kolosha failed to follow proper procedure provided by statute to initiate replevin. The trial court further ruled he

cannot use a writ to regain property from a party that does not possess such property. Mr. Kolosha appealed and this Court retained the appeal.

¶ 4 The Tulsa County District Attorney did not enter an appearance on appeal or file a response to Mr. Kolosha's petition in error. The District Attorney likewise did not respond to (1) this Court's notice concerning his failure to file a response or (2) this Court's order limiting the appellate record and designating this appeal for decision pursuant to Rule 1.36. Accordingly, we proceed to decide this case on the basis of Mr. Kolosha's petition in error and the Rule 1.36 record consisting of the petition for writ of replevin, the District Attorney's response and the trial court's order.

¶ 5 For the reasons that follow, we affirm the trial court's judgment insofar as it denies relief in replevin. We reverse and remand, however, for the trial court to consider granting Mr. Kolosha relief pursuant to 22 O.S. 2001, § 1321.

¶ 6 The trial court was rightly concerned that Mr. Kolosha's petition for writ of replevin did not conform to the statutory requirements for initiating replevin. This defect, however, did not end the trial court's inquiry as to Mr. Kolosha's right to relief. This Court has held that the failure to file the "precise petition" provided by statute is not fatal to granting relief, because the meaning and effect of an instrument filed in court depends on its contents and substance rather than on the form or title given it by the author. *In re Estate of Dicksion*, 2011 OK 96, ¶ 15, 286 P.3d 283, 287. Mr. Kolosha's "petition for writ of replevin" was sufficient to constitute an application for return of property that was neither stolen or embezzled, nor needed for evidence, as provided in 22 O.S.2001, § 1321.

¶ 7 This statute provides a remedy to facilitate the return of "property held in the custody of a municipality, county or the state in any criminal investigation, action or proceeding." § 1321(A).[1] The Legislature has

---

1.  Subsection A of section 1321 states: "It is the intent of the Legislature that any stolen or embezzled money or other property held in custody of a municipality, county or the state in any

declared its intent that such property "be returned to the proper person or its lawful owner without unnecessary delay." *Id.* A statute that creates a remedy that did not exist at common law is a remedial statute. *See Wilhoit v State*, 2009 OK 83, 226 P.3d 682.

¶8 In the case of property that is not "stolen or embezzled," the Legislature has authorized a peace officer who has custody of such property to return it to the owner upon satisfactory proof of ownership. 1321(B).[2] Significantly, this provision does not preclude a defendant from securing return of his or her property as the "owner" of

the property. The rule that remedial statutes should be liberally construed requires such an interpretation. *Wilhoit*, 2009 OK 83, at ¶13, 226 P.3d at 686. Remedial statutes should be construed liberally enough to leave the courts in a flexible position in exercising judicial discretion to effect substantial justice. *Greer v. Yellow Manufacturing Acceptance Corp.*, 1967 OK 253, ¶16, 436 P.2d 50, 54.

¶9 In the event the property is not returned as contemplated by § 1321(B), a defendant/owner may make application to a magistrate for a hearing to order return of the property. § 1321(C).[3] The term magis-

criminal investigation, action or proceeding be returned to the proper person or its lawful owner without unnecessary delay."

2. Subsection B of section 1321 states: "If the property coming into the custody of a municipal, county or state peace officer is not alleged to have been stolen or embezzled, the peace officer may return the property to the owner upon satisfactory proof of ownership. The notice and hearing provisions of this section shall not be required for return of the property specified in this section if there is no dispute concerning the ownership of the property. Within fifteen (15) days of the time the owner of the property is known, the peace officer shall notify the owner of the property that the property is in the custody of the peace officer. The property shall be returned to the owner upon request."

3. Subsection C provides:
"Except as otherwise provided for property that is pawned, when money or property alleged to have been stolen or embezzled, comes into the custody of a peace officer, the peace officer shall hold it subject to the order of the magistrate authorized by Section 1322 of this title to direct the disposal thereof. Within fifteen (15) days of the time the owner of the property is known, the peace officer shall notify the owner of the property that the property is in the custody of the peace officer. The peace officer shall make a good faith effort to locate and notify the owner of the property. If the peace officer has made a good faith effort to locate and notify the owner of the property and has been unable to locate or notify the owner, the peace officer shall release the property to the last person in possession of the property within fifteen (15) days after the peace officer determines that an owner cannot be located or notified, provided that the person who last had possession of the property shows proof that the person is a lawful possessor of the property. Such officer may provide a copy of a nonownership affidavit to the defendant to sign if the defendant is not claiming ownership of the money or property taken from the defendant and

if the defendant has relinquished the right to remain silent. The affidavit is not admissible in any proceeding to ascertain the guilt or innocence of the defendant. A copy of this affidavit shall be provided to the defendant, and a copy shall be filed by the peace officer with the court clerk. Upon request, a copy of this affidavit shall be provided to any person claiming ownership of such money or property. The owner of the property or designated representative of the owner may make application to the magistrate for the return of the property. The application shall be on a form provided by the Administrative Director of the Courts and made available through the court clerk or the victim-witness coordinator. The court may charge the applicant a reasonable fee to defray the cost of filing and docketing the application. Once an application has been made and notice provided, the magistrate shall docket the application for a hearing as provided in this section. Where notice by publication is appropriate, the publication notice form shall be provided free of charge to the applicant by the Administrative Director of the Courts through the court clerk or the victim-witness coordinator with instructions on how to obtain effective publication notice. The applicant shall notify the last person in possession of the property prior to the property being seized by the state of the hearing by mailing a copy of the notice by certified mail return receipt requested at the last-known address of the person, unless the person has signed a nonownership affidavit pursuant to this section disclaiming any ownership rights to the property. If the last person in possession of the property is unable to be served notice by certified mail, notice shall be provided by one publication in a newspaper of general circulation in the county where the property is held in custody. The applicant shall notify the district attorney and the court when notice has been served to the last person in possession of the property or published pursuant to this section. The hearing shall be held not less than ten (10) days or more than twenty (20) days after the court has been notified that the notice has been served or published. For

trate is defined to mean "a judge of the district court, associate district judge, special judge, or the judge of a municipal criminal court of record." *Id.* While the statute is silent as to whether the application should be filed in the criminal case or be treated as a new special proceeding, the inclusion of judge of a municipal criminal court of record as a magistrate suggests that an owner's application can be filed in the criminal case against the defendant. Again, a liberal construction of this remedial statute supports filing the application in the criminal case to effect substantial justice.

¶ 10 In addition to determining whether the property is stolen or embezzled, the magistrate must determine whether the property is otherwise needed as evidence. In order to make this determination, the magistrate would have to hear from the District Attorney or the City Prosecutor for a municipal criminal court case. These prosecution officials would be necessary parties to proceedings on an application for return of property, regardless of who might have physical custody of the property. In the case at hand the District Attorney's report that Mr. Kolosha has unsuccessfully pursued both an appeal and post conviction relief would seem to indicate the property in question is no longer needed as evidence.

¶ 11 Moreover, in a case where evidence to prosecute was marshaled from more than one agency, the District Attorney would be a critical source for determining which agency wound up with physical custody of the evidence. This circumstance is present in the case at hand.

¶ 12 Mr. Kolosha attached pages from the transcript of his criminal trial to his petition in error. While this material cannot be considered for determining the merits of Mr. Kolosha's claim to the property, it does demonstrate that multiple law enforcement agencies had "custody" of his computer. The transcript pages show that Rogers County deputies seized Mr. Kolosha's computer from his Wagoner County home pursuant to a

search warrant obtained from a judge in Wagoner County. Most likely, the warrant was served with the assistance of Wagoner County deputies. It is not clear whether a Rogers County deputy or a Wagoner County deputy made the return on the warrant. The computer was then delivered to the Tulsa County Sheriff's Office for forensic examination by an employee of that office and the OSBI.

¶ 13 This information explains why Mr. Kolosha mailed his trial court petition to the Tulsa County Sheriff and Wagoner County Sheriff. It also demonstrates the "shell game" that an individual like Mr. Kolosha faces when attempting to recover property no longer needed for evidence. Clearly, the District Attorney is the party in the best position to ascertain the whereabouts of property like the property in question and to report that information to the court. If the District Attorney had a further need of the property in question, there is little doubt the District Attorney could easily ascertain its whereabouts and secure its production.

¶ 14 In conclusion, we affirm the trial court's order insofar as it denies relief in replevin. We reverse and remand for the trial court to consider relief pursuant to 22 O.S. 2001, § 1321. Mr. Kolosha, the property claimant, is directed to file an application and give notice to the Tulsa County District Attorney, the Rogers County Sheriff's Office, the Tulsa County Sheriff's Office, the Wagoner County Sheriff's Office and the OSBI, using the application and notice forms provided on the Oklahoma Supreme Court Network (oscn.net). We direct the use of these forms so that the law enforcement agency with custody of the property will be alerted to its duties under § 1321. The application and notices may be filed either in the criminal case or as a new special proceeding. In the event any law enforcement agency fails to respond to the application and notice, or the whereabouts of the property in question is not reported to the court, the trial court, in exercising judicial discretion to effect sub-

the sole purpose of conducting a due process hearing to establish ownership of the property, "magistrate" as used in this section shall mean a judge of the district court, associate district

judge, special judge or the judge of a municipal criminal court of record when established pursuant to Section 28-101 et seq. of Title 11 of the Oklahoma Statutes."

stantial justice, should direct the Tulsa County District Attorney to inquire of the law enforcement agencies concerning the whereabouts of the property in question and report such information to the court.

**APPEAL PREVIOUSLY RETAINED; JUDGMENT OF THE TRIAL COURT AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

ALL JUSTICES CONCUR.