Reif, J.:
¶1 This appeal arises from an expungement proceeding brought by J.M.L. (Petitioner) in the District Court of Tulsa County. Petitioner sought, inter alia , to expunge the record of a 1992 conviction in the Municipal Criminal Court of Record for the City of Tulsa. The City of Tulsa objected, despite agreeing that Petitioner was eligible to have this conviction expunged. The City maintained the proper forum for this relief was the Municipal Court. The District Court sustained the objection, ruling that the statutes authorizing expungement- 22 O.S. Supp.2016, §§ 18 and 19 -do not give district courts jurisdiction to expunge the records of municipal criminal courts of record. We disagree.
¶2 In 1987, the Legislature authorized the district courts to expunge "criminal records." Section 18(B). The Legislature did not define the term "criminal records" at that time nor has it done so any time since. The Legislature also did not except any particular records from the district court's expungement power. Interestingly, in an apparent effort to make it clear that the expungement statutes would apply retroactively, the Legislature broadly declared that "All arrest and criminal records information existing prior to the *727 effective date of this section ... is also subject to sealing in accordance with subsection C of this section." Section 19(G). (Emphasis added).
¶3 From the outset, the Legislature has made it convenient for a person qualified under Section 18 to pursue expungement. A qualified person "may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information." Section 19(A). (Emphasis added). The district court in which a petition for expungement is filed must set a hearing on the petition and provide thirty days notice of the hearing to "the prosecuting agency , the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record." Section 19(B). (Emphasis added).
¶4 By generally designating "the prosecuting agency" as a necessary party to an expungement proceeding, we believe the Legislature reflected intent for the district court to entertain proceedings for the expungement of records in cases prosecuted by an authority other than the State of Oklahoma, such as prosecutions in municipal courts. Determining legislative intent is a question of law that this Court answers de novo. Barnhill v. Multiple Injury Trust Fund, 2001 OK 114, ¶ 8, 37 P.3d 890, 894.
¶5 This interpretation is entirely consistent with the remedial nature of Sections 18 and 19 in authorizing expungement. Expungement is "special relief ... to aid those who are acquitted, exonerated, or who otherwise deserve a second chance at a 'clean record.' " State v. McMahon , 1998 OK CIV APP 103, ¶ 9, 959 P.2d 607, 609. It has long been recognized that remedial statutes should be construed liberally so as to afford all the relief within the power of the court which the legislature intended to grant. Wilhoit v. State , 2009 OK 83, ¶ 13, 226 P.3d 682.
¶6 In the case at hand, the parties concede the District Court in Tulsa County is "the district court of the district in which the arrest information [concerning Petitioner's 1992 conviction] is located." Accordingly, the District Court in Tulsa County has jurisdiction to entertain a proceeding to expunge the records of Petitioner's 1992 conviction in the Municipal Criminal Court of the City of Tulsa upon notice to the "prosecuting agency" for such case and other interested parties as set forth in § 19(B). The judge and the clerk of a municipal criminal court of record would be among the other persons who have relevant information related to the expungement of a municipal court record given their respective statutory duties to "keep and preserve the [court's] records," 11 O.S.2011, §§ 28-104 and 28-106.
¶7 In view of the foregoing considerations, we hold the trial court erred in ruling the District Court of Tulsa County did not have jurisdiction to expunge Petitioner's 1992 municipal court conviction. Accordingly, we reverse the District Court's judgment that sustained the City of Tulsa's objection to the District Court expunging that conviction.
REVERSED
ALL JUSTICES CONCUR.